PERKINS WINDMILL CO. v. KELLY.

.141   459|
144   518|

1. SALES—ACTION—FRAUD—QUESTION FOR JURY.
   In an action for the price of goods sold, evidence examined, and *held*, that the question of fraud of plaintiff in making the sale should have been submitted to the jury.

2. SAME—DELIVERY—REFUSAL TO ACCEPT—OFFER TO RETURN.
   If windmills, delivered pursuant to a contract of sale, were not those ordered by the purchaser, and the seller was notified thereof, and was in substance also notified that the purchaser refused to accept, and the seller had the opportunity to repossess himself of them, there can be no recovery of the price, although the purchaser did not offer to return them.

Error to Wexford; Chittenden, J. Submitted June 16, 1905. (Docket No. 30.) Decided September 28, 1905.

Assumpsit by the Perkins Windmill Company against Thomas Kelly and James Mather, copartners as Kelly & Mather, for goods sold and delivered. There was judgment for plaintiff on a verdict directed by the court, and defendants bring error. Reversed.

Plaintiff brought suit in the recorder's court of the city of Cadillac, a court which has the jurisdiction of a justice's court. The parties appeared, filed pleadings, and the case was adjourned. Upon the adjourned day the defendants did not appear, and judgment was rendered against them. They then appealed to the circuit court.

The declaration is upon the common counts for goods sold and delivered, based upon two written orders given by defendants to the plaintiff, each of which is for a windmill. Defendants gave notice with their plea that the orders declared upon were obtained from them by fraud, deceit, and false representations; that said orders were based upon two other orders for the identical windmills which plaintiff claims to have sold to two farmers living in the vicinity; that as an inducement to make the orders sued upon the plaintiff exhibited to the defendants the other orders; that plaintiff offered to sell to said defendants these windmills at a greatly reduced price; that defendants agreed to take and pay for the same as soon as they were accepted by the purchasers; that said orders upon which suit was brought were signed as evidence of said transaction, and for no other purpose; that said purchasers refused to pay, setting up that their orders were also obtained by fraud and deceit; that each had contracted for a Perkins windmill, while the contract called for what is known as an Emperor windmill. The plea further set up that the machinery was of an inferior quality, and not as represented.

Upon the trial plaintiff introduced its agent, who testified to the sale of the windmills to the defendants, produced the two orders, and proved shipment and delivery to defendants, and rested. The defendants then gave

testimony tending to show that plaintiff's agent asked them if they were in the market for windmills, to which they replied they were not; that "he [said agent] then said that he represented the Perkins Windmill Company, and that he would like to get the mills started around here, and asked if I knew of any prospects; that, if I did, he would get out and get them for me, and maybe in this way he could get a start here." Defendant Mather then took him to one Forbes, whose order was obtained. Defendant Mather testified that "there was a price fixed between us at which I was to purchase this mill before we went out in the morning;" that after these orders were obtained from the farmers, which were taken in the name of the plaintiff, the orders sued on were given. On the same day, but whether before or after taking the orders does not appear, and it is immaterial, plaintiff and defendants entered into a contract by which the defendants agreed to do all business pertaining to the sale of goods shipped under the agreement, to pay freight, etc., to properly erect and put in operation the mills when sold, and to settle for the same immediately after being put in operation. It also provided that all goods sold previous to the date of the contract must be settled for under it. The two farmers testified that in their conversation they contracted for a Perkins windmill, and not an Emperor; that they supposed the written orders were for a Perkins mill; that when they were delivered by the plaintiff, and they saw they were what is known as the Emperor, they refused to receive them. One windmill was put up, but failed to work satisfactorily. The other was never put up. The defendants did not offer to return the mills. There was some evidence that the agent acknowledged that he sent the wrong mill, but he thought the Emperor was just as good.

The court directed a verdict for the plaintiff, holding that there was no fraud in the inception and making of the contract upon which the suit is based, eliminated the question of fraud between the plaintiff through his agent

and the farmers to whom the two mills were sold, and left to the jury the question of damages for the one defective mill, for which an allowance was evidently made, as the jury rendered a verdict for $70.

*Sawyer & Bishop*, for appellants.

*Fred S. Lamb*, for appellee.

GRANT, J. (*after stating the facts*). We think the court erred. The contracts with the farmers were made by the plaintiff. The farmers were under no obligation to take the mills, unless they were such as they had ordered and contracted for. The contracts with the farmers were at least a part of the consideration for the contract between plaintiff and defendants. The defendants were to deliver the windmills to the farmers and to put them up. They performed that part of the contract by delivering them. Under the evidence of the defendants the farmers promptly refused to accept them, because they were not what they had contracted for. If this were the fact, the farmers were under no obligation to accept them; neither were the defendants. The question of fraud should have been submitted to the jury under the proper instructions.

If it be the fact that the mills were not those ordered by the farmers, and the plaintiff was notified thereof, and was in substance also notified that the farmers refused to accept them, and the plaintiff had the opportunity to repossess itself of them, the plaintiff could not recover.

Judgment reversed, and new trial ordered.

MOORE, C. J., and CARPENTER, MONTGOMERY, and OSTRANDER, JJ., concurred.